KELLY, Circuit Judge,
concurring in part and dissenting in part.
I concur in sections II.A and II.C of the court’s opinion, but I respectfully dissent as to II.B. In my view, genuine issues of material fact remain on the trustee’s excessive force claim. I do not dispute that the officers were entitled to use some degree of force to remove Harrell — who was acting oddly, kicking the door, and howling — from his cell. See Kingsley, 135 S.Ct. at 2472-73 (noting that to be held unconstitutional, force knowingly used against pretrial detainee must be objectively unreasonable). But evidence was offered that, viewed in the light most favorable to the trustee, the force the officers continued to use was excessive under the circumstances. See Murchison v. Rogers, 779 F.3d 882, 886-87 (8th Cir. 2015) (noting that our review of the grant of summary judgment is de novo, and we view the evidence in the light most favorable to the non-movant, giving the non-movant the benefit of all reasonable inferences). The video of the extraction showed five to six officers crowding into Harrell’s eight by ten foot cell, in which a bunk and a toilet consume most of the space. Harrell was almost immediately taken to the ground and was quickly handcuffed behind his back. For approximately the first minute and a half of the extraction, although he is heard yelling, Harrell is not visible on the video because he is surrounded by the officers. When Harrell appears, he is face down on the floor, naked and with a wet sheet tightly wrapped around his face; he is still being restrained but he has stopped making any noise at all.
The trustee presented evidence that the officers understood that placing a person in the prone position and applying pressure to his back, as the officers admitted they did here, could cause breathing difficulty. The trustee also presented evidence that the officers recognized that Harrell exhibited symptoms of a condition known as excited delirium syndrome (EDS), which they knew could exacerbate the risk of asphyxiation. While the court views the video as showing Harrell actively resisting for three minutes, in my opinion, the video shows that after about 80 to 90 seconds, Harrell stopped struggling. While their weight was still on Harrell’s back, the officers shackled his ankles with his legs crossed and bent back at the knees. Viewing the evidence in the light most favorable to the trustee, a reasonable jury could find that too many officers entered a small cell and exerted too much pressure on a distraught man lying prone, thus placing him at high risk of asphyxiation. A reasonable jury could likewise find that Harrell’s bizarre behavior warranted the use of multiple officers to restrain him in the manner that they did. But these are factual matters that remain in dispute, and are not for the court to decide at summary judgment.